**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
WALTER L. RODRIGUEZ,

                                                                                                      **COMPLAINT**

          Plaintiff,

   -against-

JAY GLOBAL ENTERPRISES, INC.,
GURUM CORPORATION d/b/a JAY
GLOBAL ENTERPRISES, and
KYUNG H. JUNG,

          Defendants.
------------------------------------------------------------X

       Plaintiff, WALTER L. RODRIGUEZ ("Plaintiff"), as and for his Complaint against Defendants, JAY GLOBAL ENTERPRISE INC. ("Jay Global"), GURUM CORPORATION d/b/a GLOBAL ENTERPRISES ("Gurum"), and KYUNG H. JUNG ("Jung") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

       1.     Defendants own and operate a wholesale produce distribution company in Bronx, New York that sells food and drink to the public.

       2.     Plaintiff worked for Defendants as a produce sorter.

       3.     Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

       4.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19 of the New York and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is an adult male currently residing in the State of New York.

9. Upon information and belief, Jay Global, is a domestic business corporation duly organized and existing under the laws of the State of New York.

10. Upon information and belief, Jung, is an adult male currently residing in the State of New York.

## FACTUAL ALLEGATIONS

**Defendant Jay Global Enterprise Inc. ("Jay Global")**

11. Jay Global maintains a place of business at 1365 Lafayette Avenue, Bronx, New York 10474.

12. At all times relevant to this Complaint, Jay Global had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

13. At all times relevant to this Complaint, Jay Global had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

14. At all times relevant to this Complaint, Jay Global had an annual gross volume of sale of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. During Plaintiff's employment, Jay Global maintained control, oversight, and direction over his, including timekeeping, payroll, and other employment practices.

16. At all times relevant to this Complaint, Jay Global was and is a covered employer within the meaning of the FLSA and the NYLL and, and at all times relevant to this Complaint, employed Plaintiff.

**Defendant Gurum Corporation d/b/a Jay Global Enterprise ("Gurum")**

17. Gurum maintains a place of business at 1365 Lafayette Avenue, Bronx, New York 10474.

18. At all times relevant to this Complaint, Gurum had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

19. At all times relevant to this Complaint, Gurum had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

20. At all times relevant to this Complaint, Gurum had an annual gross volume of sale of not less than $500,000.00 for each applicable year of Plaintiff's employment.

21. During Plaintiff's employment, Gurum maintained control, oversight, and direction over his, including timekeeping, payroll, and other employment practices.

22. At all times relevant to this Complaint, Gurum was and is a covered employer within the meaning of the FLSA and the NYLL and, and at all times relevant to this Complaint, employed Plaintiff.

**Defendant Kyung H. Jung ("Jung")**

23. At all relevant times, Jung was and continues to be an owner, officer, director, shareholder, and/or managing agent of Jay Global and Gurum.

24. At all relevant times, Jung participated in running the daily operations of Jay Global and Gurum.

25. At all relevant times, Jung participated in the management and supervision of Plaintiff and his work for Jay Global and Gurum.

26. At all relevant times, Jung exercised operational control over Jay Global and Gurum, controlled significant business functions of Jay Global and Gurum, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Jay Global and Gurum in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

27. Jung determined the wages and compensation of Jay Global and Gurum's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

28. At all relevant times, Jung was an employer within the meaning of the FLSA and the NYLL and employed Plaintiff.

29. Jung participated in the decision to hire Plaintiff.

30. Jung participated in the decision to fire Plaintiff.

31. Jung participated in deciding Plaintiff's job duties and responsibilities.

32. Jung participated in supervising Plaintiff's job duties and responsibilities.

33. Jung participated in deciding the manner in which Plaintiff was paid.

34. Jung participated in deciding the hourly rate Plaintiff was paid.

35. Jung participated in deciding the compensation Plaintiff was paid.

36. Jung participated in deciding the schedule Plaintiff worked.

37. Jung participated in deciding the total number of hours Plaintiff worked each week.

38. Jung was responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers**

39. Jung owns, operates, and/or controls Jay Global and Gurum.

40. Jung possesses operational control over Jay Global and Gurum, possesses an ownership interest in Jay Global and Gurum, and controls significant functions of Jay Global and Gurum.

41. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employee.

42. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

43. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

44. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff Walter L. Rodriguez ("Plaintiff")**

45. At all relevant times, Plaintiff was an employee of Defendants as defined by the FLSA and the NYLL.

46. Defendants employed Plaintiff from on or about October 20, 2017 until on or about March 12, 2024.

47. Defendants employed Plaintiff as a produce sorter for their benefit and at their direction.

48. Plaintiff's job duties included sorting and organizing produce for distribution.

49. From 2018 through in or about December 2021, Defendants did not require Plaintiff to punch in and out of his daily shifts and did not require him to track his hours in any other way.

50. Therefore, during this time, Defendants did not maintain time records that establish how many hours Plaintiff worked each shift.

51. From 2018 to in or about January 2022, Plaintiff worked six (6) days per week with Sundays off.

52. During this time, Plaintiff worked from 4:00 a.m. until 6:00 p.m., from Monday through Friday and on Saturday, from 5:00 a.m. to 2:00 p.m., without uninterrupted meal breaks each shift.

53. During this time, Plaintiff worked seventy-nine (79) hours each week.

54. During this time, Defendants paid Plaintiff $700.00 per week, regardless of the number of hours worked.

55. Therefore, during this time, Defendants paid Plaintiff $8.86 per hour, which was less than the New York State minimum wage.

56. From in or about February 2022 to March 10, 2024, Plaintiff worked six (6) days per week with Sundays off.

57. During this time, Plaintiff worked from 4:00 a.m. to 2:00 p.m. from Monday through Friday and on Saturday, from 5:00 a.m. to 2:00 p.m., without uninterrupted meal breaks each shift.

58. During this time, Plaintiff worked fifty-nine (59) hours each week.

59. During this time, Defendants paid Plaintiff $825.00 per week, regardless of the number of hours worked.

60. Therefore, during this time, Defendants paid Plaintiff $13.98 per hour which was less than the New York State minimum wage.

61. Throughout his employment, Defendants deducted one (1) hour each workday purportedly for lunch breaks.

62. However, Plaintiff was never provided with, and never took, uninterrupted meal breaks.

63. Throughout Plaintiff's employment, Defendants did not pay Plaintiff the statutory minimum wage rate.

64. Throughout Plaintiff's employment, Defendants never paid Plaintiff an overtime premium for all of the hours he worked in excess of forty (40) per week at a rate of one-and-one half times his regular rate of pay.

65. Throughout Plaintiff's employment, Defendants never paid Plaintiff spread-of-hours compensation for any day in which Plaintiff's shifts exceeded ten (10) hours at a rate of one (1) additional hour of pay at the statutory minimum wage rate.

66. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wage to which he was entitled under the law.

67. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

68. Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

69. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

70. Plaintiff has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET*. *SEQ*. ARTICLE 6 and 19
## FAILURE TO COMPENSATE FOR OVERTIME

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

73. The corporate Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in commerce or in the production of goods for commerce.

74. At all times relevant to this Complaint, the corporate Defendants had two (2) or more employees handling goods or materials that have moved in interstate commerce, including Plaintiff.

75. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendants in each applicable year was not less than $500,000.00.

76. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

77. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

78. By the above-alleged conduct, the corporate Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

79. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

80. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

81. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

82. Defendants did not act in good faith with respect to the conduct alleged herein.

83. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 and 19
## FAILURE TO PAY OVERTIME

84. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. At all times relevant to this Action, Plaintiff has been employed by Defendants within the meaning of New York Labor Law §§2 and 651.

86. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

87. By the above-alleged conduct, Defendants have failed and continue to fail to pay Plaintiff overtime compensation as required by the NYLL.

88. Plaintiff is not exempt from the overtime provisions of the NYLL because he does not meet the requirements for any of the exemptions available under New York law.

89. Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived him of proper overtime compensation.

90. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

91. Defendants have not acted in good faith with respect to the conduct alleged herein.

92. As a result of Defendants' violations of the NYLL, Plaintiff has incurred and continues to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 and 9**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

93. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

94. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

95. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

96. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

### COUNT IV
### VIOLATION OF THE NEW YORK LABOR LAW
### FAILURE TO COMPENSATE FOR MINIMUM WAGES

97. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

98. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §§ 652.

99. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

100. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

101. Defendants have not acted in good faith with respect to the conduct alleged herein.

102. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

103. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(1)
### <u>FAILURE TO PROVIDE WAGE NOTICES</u>

104. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

105. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

106. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

107. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT VI
### VIOLATION OF THET NEW YORK LABOR LAW
### NYLL SECTION 195(3)
### <u>FAILURE TO PROVIDE WAGE STATEMENTS</u>

108. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

109.  Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

110.  Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

111.  As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

112.  Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

113.  Defendants suffered and permitted Plaintiff to work between fifty-nine (59) and seventy-nine (79) hours each week but failed to compensate Plaintiff for one (1) hour of work each shift during his employment.

114.  Therefore, Defendants failed to pay Plaintiff for six (6) hours of work each week.

115.  Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

116. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

117. Defendants have not acted in good faith with respect to the conduct alleged herein.

118. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

119. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, minimum wages, regular wages, and spread of hours compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D.     Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E.     Award interest on all unpaid wages due accruing from the date such amounts were due;

F.     Award all costs and attorneys' fees incurred in prosecuting this action;

G.     Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       August 20, 2024

THE NHG LAW GROUP. P.C.

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com